UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JONES,

              Plaintiff,                        Case Number 15-13302

v.                                       Honorable David M. Lawson
                                          Magistrate Judge Mona K. Majzoub

BENNY NAPOLEON, RICK
SNYDER, KIM WORTHY, JAMES
CRAIG, MARVIN JONES, JOSE
ORTIZ, and BENITO MENDOZA,

              Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING CASE

On September 2, 2015, plaintiff Anthony Jones, who presently resides in the Wayne County, Michigan jail while awaiting trial on felony charges of criminal sexual conduct, filed his *pro se* complaint alleging violations of his rights under various federal constitutional amendments via 42 U.S.C. § 1983. On September 15, 2015, the Court granted the plaintiff's application to proceed *in forma pauperis*. The Court has screened the complaint pursuant to its duty under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and now finds that it must be dismissed because it is frivolous and fails to state any plausible claim upon which relief may be granted. Because the plaintiff cannot sustain any of the claims raised in the complaint on any set of facts, the Court also will deny his pending motions to compel discovery, supplement the record, and amend his pleadings.

I.

In his four-paragraph complaint, Jones contends that "[o]n June 3, 2015 at 12:50 a.m. [he] was unlawfully arrested inside [his] home without a 'warrant,'" and that after his arrest he was "unlawfully incarcerated [] for 90+ days within the Wayne County Jail" and subjected to "malicious persecution [sic]." Compl. ¶¶ 1-4. He asks the Court to order his immediate release from custody

and award him compensatory and punitive damages in the amount of $2 million. He subsequently filed several motions asking the Court to compel disclosure of documents relating to his criminal case, and to allow him to supplement the record and amend his complaint to add additional facts and to reflect an escalation of his demand for monetary damages to $6 million. The plaintiff asserts in the complaint and in his subsequent filings that he remains confined at the Wayne County Jail, evidently awaiting trial on the felony charges for first-degree criminal sexual conduct that precipitated his arrest.

## II.

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("'The Prison Litigation Reform Act [] requires dismissal of any prisoner action brought

under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.'") (quoting *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010)).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The gravamen of the plaintiff's complaint plainly is an attack on the lawfulness of his ongoing pretrial detention and the viability of the pending state court criminal charges against him, and it must be dismissed because (1) as to the demand for an order directing the defendants to release the plaintiff from custody, it seeks relief that may not be obtained via 42 U.S.C. § 1983; and (2) as to the demand for money damages arising from the allegedly unlawful detention and prosecution, the complaint fails to state any plausible claim for relief.

*First*, as to the plaintiff's demand for an order directing the defendants immediately to release him from custody, section 1983 is not a proper vehicle for obtaining that relief; a petition for a writ of habeas corpus properly filed under the authority 28 U.S.C. § 2254 or § 2241 offers the sole avenue for seeking release from allegedly unlawful detention by state officials. "Generally a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." *Wershe*, 763 F.3d at 504 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)) (quotation marks omitted). "Where the relief sought is 'a determination that he is entitled to immediate release or a speedier release from that imprisonment,' the prisoner must pursue relief through a writ of habeas corpus, not through § 1983." *Ibid.* (quoting *Preiser*, 411 U.S. at 500); *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004))).

*Second*, as to the plaintiff's demand for money damages arising from the allegedly unlawful detention and prosecution, the complaint fails to state any plausible claim for "unlawful detention"

or "malicious prosecution" premised on a warrantless arrest of the plaintiff in his home, because the

plaintiff does not contend that the police lacked probable cause to arrest and charge him.  The

plaintiff's complaint does not elaborate any basis for the claims of "unlawful incarceration" and

"malicious prosecution" beyond the assertion that he has been held in jail and prosecuted after he

was arrested in his home without a warrant.  The plaintiff contends that his present confinement and

the ongoing prosecution are illegal because the police obtained a warrant for his arrest only after

they entered his home and took him into custody, and, in his motion to present additional evidence,

the plaintiff submitted a copy of the state court record of proceedings indicating that a warrant was

signed by a magistrate less than 24 hours after he was arrested.  Plf.'s Mot. [dkt. #10] at 3 (Pg ID

33).  As the Supreme Court explained in *New York v. Harris*, 495 U.S. 14 (1990), the rule of *Payton

v. New York*, 445 U.S. 573 (1980), on which the plaintiff principally relies, does not prohibit

ongoing detention or later prosecution after a warrantless arrest of the defendant in his home, where

a judicial determination of probable cause promptly is made following the arrest:

> Nothing in the reasoning of [*Payton*] suggests that an arrest in a home without a
> warrant but with probable cause somehow renders unlawful continued custody of the
> suspect once he is removed from the house.  There could be no valid claim here that
> Harris was immune from prosecution because his person was the fruit of an illegal
> arrest.  Nor is there any claim that the warrantless arrest required the police to release
> Harris or that Harris could not be immediately rearrested if momentarily released.

*Harris*, 495 U.S. at 18 (citations omitted); *see also Gerstein v. Pugh*, 420 U.S. 103, 124-25 (1975)

("[The State] must provide a fair and reliable determination of probable cause as a condition for any

significant pretrial restraint of liberty, and this determination must be made by a judicial officer

either before *or promptly after* arrest." (emphasis added)).

-5-

III.

The complaint fails to state any plausible claim for relief under 42 U.S.C. § 1983, and it therefore must be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a).

Accordingly, it is **ORDERED** that the order referring the case to the magistrate judge entered on October 6, 2015 [dkt. #5] is **VACATED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's motions to compel discovery, present additional evidence, and amend the complaint [dkt. #6, 7, 9, 10] are **DISMISSED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  January 8, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 8, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI